# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS HYRAM PASCHAL, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 08-1144 |
| SILKY'S SPORTS BAR & GRILL, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 31st day of October, upon review of the Defendant's Consolidated Motions Pursuant to Federal Rules of Civil Procedure [8], and Plaintiff's Response thereto (Docket No. 12), Defendant's Consolidated Motions are **GRANTED** in part and **DENIED** in part. The Court hereby **GRANTS** Defendant's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motions to Strike, to Dismiss for Failure to Join an Indispensable Party, and for a More Definitive Statement are therefore **DENIED** as moot.

On August 26, 2008, Plaintiff Curtis Hyram Paschal ("Plaintiff"), proceeding *pro se*, filed the Amended Complaint (Docket No. 6) against Defendant Silky's Sports Bar and Grill ("Defendant") that is the subject of the instant motion. In his Amended Complaint, Plaintiff, an African American, alleges that Defendant discriminated against him on the basis of his race. (Docket No. 6 at 1-2). On September 24, 2008, Defendant filed motions to dismiss based on Plaintiff's failure to state a claim and failure to join an indispensable party (i.e., the named Defendant's corporate owner)(Docket No. 8). In the same motion, Defendant moved for a more definitive statement and to strike paragraph ten (10) of the Amended Complaint. (Docket No. 8).

Plaintiff's Response identifies the Defendant's corporate owner, provides additional facts to support his claim of racial discrimination, and asks the Court to deny Plaintiff's motions. (Docket No. 12).

**I.** *Defendant's Motion to Dismiss for Failure to State a Claim*

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Ehrheart v. Verizon Wireless*, Civil Action No. 07-1165, 2008 U.S. Dist. LEXIS 73416, at *3 n. 1 (W.D. Pa. Sept. 25, 2008)(citing *Bell Atlantic Corp. v. Twombly*, – U.S.–, 127 S.Ct. 1955 (May 21, 2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(*quoting Twombly*, 127 S.Ct. at 1965).

A complaint need not set forth detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citations omitted). A plaintiff must aver sufficient factual allegations in order "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (citations omitted). Because Plaintiff is a *pro se* litigant, his pleadings are to be "to be liberally construed." *Erickson v. Pardus*, – U.S.–, 127 S. Ct. 2197, 2200 2007)(*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Furthermore, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Id.*

Here, Plaintiff's Amended Complaint sets forth the statute under which he believes he is entitled to relief, 42 U.S.C. § 2000a et seq. (Docket No. 6 at 1). However, the Amended Complaint

fails to set forth sufficient facts that would give the Defendant notice as to the acts or activities on which he bases his claim. Rather, he makes sweeping statements about the Defendant's management, including that they "ignore[] the racial attitudes of White customers who blatantly harass the Plaintiff with impunity." Statements such as these do not provide the Defendant with "the grounds on which [Plaintiff's] claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)(internal quotations omitted). While Plaintiff's response to the instant motion provides more details about the Defendant's alleged discriminatory acts, he did not submit a proposed second amended complaint that contains these additional details. Accordingly, his Amended Complaint must be dismissed under Rule 12(b)(6). However, as Plaintiff is a *pro se* litigant, his pleadings are held to a less stringent standard than those filed by attorneys. *Erickson*, 127 S. Ct. at 2200. Thus, while the Amended Complaint fails to state a claim upon which relief may be granted, the Court will grant Plaintiff leave to file a second amended complaint.

### II. *Plaintiff's Motion to Strike*

Although the Defendant's Motion to Strike is moot as Plaintiff's Amended Complaint has been dismissed, the Court reminds Plaintiff of Federal Rule of Civil Procedure 12(f), which permits this Court, on its own or on motion by a party, to strike from any pleading "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff shall therefore refrain using the type of impertinent and inflammatory language that is contained in paragraph ten (10) of the Amended Complaint.

For the foregoing reasons, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's Consolidated Motions Pursuant to the Federal Rules of Civil Procedure [8]. Defendant's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil

3

Procedure 12(b)(6) is **GRANTED**. Defendant's Motion to Dismiss for Failure to Join an Indispensable Party, Motion for a More Definitive Statement, and Motion to Strike are therefore **DENIED** as moot. Plaintiff's Amended Complaint is dismissed without prejudice. Plaintiff is granted leave to file, within thirty (30) days from the date of this Order, a second amended complaint that: 1) incorporates the additional factual allegations contained in his Response to the instant motion; and 2) names the Defendant's corporate owner. Failure to comply with this Court's Orders, Policies and Procedures will result in dismissal for failure to prosecute.

s/Nora Barry Fischer  
United States District Judge

Dated: October 31, 2008  
cc/ecf: All parties of record.