IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CURTIS HYRAM PASCHAL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1144 Judge Nora Barry Fischer |
| BILLY BERU, INC. | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's second Amended Complaint. (Docket No. 16). On November 11, 2008, Plaintiff Curtis Hyram Paschal ("Plaintiff"), proceeding *pro se*, filed a second Amended Complaint (Docket No. 15) against Billy Beru, Inc. ("Defendant"), alleging that Defendant discriminated against him on the basis of his race in violation of 42 U.S.C. § 2000a *et seq.*[1] (Docket No. 15 at 2). On December 2, 2008, Defendant filed the instant motion to dismiss on the basis that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 16). For the following reasons, Defendant's Motion is **DENIED**.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does

---

[1] Plaintiff is seeking relief under "United States Code Title 42 & 2000a" according to his second Amended Complaint. (Docket No. 15 at 1). The Court notes that, as Plaintiff is a *pro se* litigant, his pleadings are held to a less stringent standard than those filed by attorneys. *Erickson v. Pardus*, – U.S.–, 127 S. Ct. 2197, 2200 (2007). Given the nature of the allegations contained within Plaintiff's second Amended Complaint, the Court understands this to refer to Section 2000a of Title 42 of the United States Code.

not allege "enough facts to state a claim to relief that is plausible on its face." *Ehrheart v. Verizon Wireless*, Civil Action No. 07-1165, 2008 U.S. Dist. LEXIS 73416, at *3 n. 1 (W.D. Pa. Sept. 25, 2008)(citing *Bell Atlantic Corp. v. Twombly*, – U.S.–, 127 S.Ct. 1955 (May 21, 2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 127 S.Ct. at 1965).

A complaint need not set forth detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65. A plaintiff must aver sufficient factual allegations in order "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Id*. (internal citations omitted). Because Plaintiff is a *pro se* litigant, his pleadings are "to be liberally construed." *Erickson v. Pardus*, – U.S.–, 127 S. Ct. 2197, 2200 (2007)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Furthermore, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

Section 2000a(a) of Title 42 provides that:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

Defendant contends that Plaintiff's second Amended Complaint must be dismissed because

2

he has not pled sufficient facts that would plausibly entitle him to relief under 42 U.S.C. § 2000a *et seq.*[2] (Docket No. 18 at 2). However, in contrast to Plaintiff's previous complaints (*See* Docket Nos. 1 and 6), the second Amended Complaint sets forth a specific incident that, when viewed in a light most favorable to him, could plausibly form the basis for a suit under 42 U.S.C. § 2000a et seq. Specifically, Plaintiff claims that on or about July 13, 2008, a female bartender required Plaintiff to pay for his food before allowing him to eat, while no Caucasian customers were asked to do the same. (Docket No. 15 at 2).

These facts, viewed in a light most favorable to Plaintiff, would support his claim as requiring African-Americans to pay before serving them their food while not requiring Caucasian patrons to do the same interferes with the "full and equal enjoyment" of the goods and services offered by Defendant. 42 U.S.C. § 2000a(a). These facts are sufficient to provide Defendant notice as to "the grounds on which [Plaintiff's] claim rests." *Phillips*, 515 F.3d at 233 (internal quotations omitted); s*ee also Williams v. Ramada Inn*, Civ. A. No. 06-217, 2007 U.S. Dist. LEXIS 56739 (W.D. Pa. Aug. 3, 2007)(plaintiffs' allegations that defendant restaurant required African-Americans to produce identification in order to obtain menus, while Caucasian patrons were allegedly not required to do so, sufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

---

[2] The Court notes Plaintiff has requested several types of relief in his second Amended Complaint. (Docket No. 15 at 3). However, the Court reminds Plaintiff that only injunctive relief is available under 42 U.S.C. § 2000a *et seq*. 42 U.S.C. § 2000a-3.

Accordingly, Defendant's Motion to Dismiss [16] is **DENIED**.

*s/Nora Barry Fischer*
United States District Judge

Dated: January 13, 2009
cc/ecf: All parties of record.