IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS HYMAN PASCHAL, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 08-1144 Judge Nora Barry Fischer |
| BILLY BERU, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Billy Beru's Amended Motion Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 54(d)(2) for Assessment of Costs and Attorney's Fees Against the Plaintiff (Docket No. [64]) and Plaintiff Paschal's so-called "Motion in Opposition to Defendants [sic] Motion Pursuant to Defendants [sic] Motion for the Assessment of Costs and Attorneys Fees Against Plaintiff" (Docket No. [67]). For the reasons stated below, Defendant's motion is GRANTED, in part, and DENIED, in part; Plaintiff's motion is DENIED, as moot.

**I.     Procedural Background and the Instant Motions**

As the parties are familiar with the particular facts of Paschal's claims and they are not germane to the instant motions, the Court will only review the pertinent procedural history.[1] In a Memorandum Order dated June 8, 2009 (Docket No. 64), after Paschal repeatedly failed to set forth facts upon which relief could be granted, this Court granted Billy Beru's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Docket No. 48), dismissing Paschal's Fourth Amended

---

[1]The particulars of Paschal's claims are laid out in this Court's Memorandum Opinion on Billy Beru's Motion to Dismiss Plaintiff's Third Amended Complaint, dated April 23, 2009. *Paschal v. Billy Beru, Inc.*, Civ. A. No. 08-1144, 2009 WL 1099182 (W.D.Pa. Apr. 23, 2009).

Complaint (Docket No. 47), with prejudice, since further amendment would be futile. Billy Beru subsequently filed a Motion Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 54(d)(2) for Assessment of Costs and Attorney's Fees (Docket No. 56), which this Court denied, without prejudice, (Docket No. 61) when Paschal appealed the Memorandum Order to the United States Court of Appeals for the Third Circuit, at Case Number 09-2764. The Court of Appeals eventually upheld this Court's order. *Paschal v. Billy Beru, Inc.*, Civ. A. No. 09-2764, 2010 WL 1401465, 1 (3d Cir. Apr. 8, 2010). Subsequently, Billy Beru filed two itemized and verified bills of costs pursuant to FED.R.APP.P. 39, with the Court of Appeals, which entered a certified judgment, taxing costs in the amount of $163.00 in favor of Billy Beru on May 3, 2010. Judgment, *Paschal v. Billy Beru, Inc.*, Civ. A. No. 09-2764, (3d Cir. May 3, 2010).

Billy Beru then filed its instant motion with this Court, seeking to recoup its costs and attorney's fees pursuant to FED.R.CIV.P. 54(d)(1) and 54(d)(2). (Docket No. 64). In the motion, Billy Beru seeks:

| | |
|---|---|
| $163.00 | in costs taxed by the Court of Appeals; |
| $182.50 | in costs for a transcript of the March 16, 2009 hearing before this Court; and |
| $3,638.25 | in attorney's fees. |

(*Id.*). Paschal responded with two filings: a "Plaintiffs Brief in Opposition to Defendants Motion Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 54(d)(2) for Assessment of Costs and Attorneys Fees Against the Plaintiff" (Docket No. 66), and "Plaintiffs Motion in Opposition to Defendants Motion Pursuant to Defendants Motion for the Assessment of Costs and Attorneys Fees Against Plaintiff" (Docket No. 66). As the only relief sought in Paschal's latter filing is denial of Billy Beru's motion, the Court construes Paschal's "motion" as a supplemental brief in opposition to Billy Beru's motion, and denies Paschal's "motion," as moot.

**II.    Costs Taxed by the Court of Appeals**

On May 3, 2010, the United States Court of Appeals issued a certified judgment in lieu of a mandate, which taxed costs in the amount of $163.00 in favor of Billy Beru. Judgment, *Paschal v. Billy Beru, Inc.*, Civ. A. No. 09-2764, (3d Cir. May 3, 2010). As these costs have already been taxed against Paschal, the Clerk of Court for the Western District of Pennsylvania has already entered a judgment against Paschal for same, and there is no need for an order from this Court.

Accordingly, Billy Beru's Motion seeking $163.00 for appellate costs is denied, as moot.

## III.    Transcript Costs

In its motion, Billy Beru asks that this Court tax $182.50 against Paschal, pursuant to FED.R.CIV.P.54(d)(1) for the costs to produce a transcript of a hearing held before this Court on March 16, 2009. (Docket No. 64). Rule 54(d)(1) provides, in part, that "[u]nless federal statute, these rules, or a court order provides otherwise costs – other than attorney's fees – should be allowed to the prevailing party." FED.R.CIV.P.54(d)(1).

Billy Beru has attached a Certification of Qualification and Amended Account in Request for Re-Imbursement of Costs and Fees pursuant to Rule 54 Motion (Docket No. 64-1) to its instant motion. In that certification, Billy Beru includes not only the transcript fee of $182.50, but also $4.25 in mailing costs and $42.00 for copies. (*Id.*). Photocopying costs are disallowed, since in this district these are considered normal office expenses and part of the costs of litigation. *See Krouse v. American Sterilizer Company*, 928 F.Supp. 543 (W.D. Pa. 1996). Thus, the Court declines to assess costs for photocopies.

Accordingly, this Court taxes an additional **$186.75** in costs, for producing and mailing the transcript, against Paschal.

## IV.    Attorney's Fees

Billy Beru also moves under FED. R.CIV.P. 54(d)(2) for an additional award of $3,638.25 for

3

its attorney's fees in defending itself before this Court, pursuant to 42 U.S.C. § 1988(b) . (Docket No. 64). 42 U.S.C. § 1988 authorizes district courts to award prevailing parties reasonable attorney's fees and costs in civil rights litigation, "unless special circumstances would render such an award unjust." *Hensley v. Eckehart,* 461 U.S. 424, 429 (1983), (quoting H. Rep. No. 94-1558, p. 1 (1976), S.Rep. No. 94-1011, p. 4 (1976)); *See also McKenna v. City of Phila.*, 582 F.3d 447 (3d Cir. 2009). However, although "[t]he 'prevailing party' can be either the plaintiff or the defendant[,] the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs." *Barnes Found. v. Lower Merion*, 242 F.3d 151, 157-58 (3d Cir. 2001). The Supreme Court has explained that a "prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley*, 461 U.S. at n.2 (citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978)). And, regarding *pro se* plaintiffs, the Supreme Court has further cautioned that "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. As the Court noted in *Christiansburg*, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit." *Hughes v. Rowe*, 449 U.S. 5, 15 (citing *Christianburg* 434 U.S. at 422).

In this Circuit, district courts facing this question typically do not award attorney's fees to defendants who have prevailed over *pro se* plaintiffs. *Bishop v. Deputy*, Civ. A. No. 01-753, 2003 WL 22284037 (D. Del., Sep. 29, 2003); *Burris v. Davidson Transfer and Storage Co.*, 537 F. Supp. 1029 (D.Del. 1982); *but see Zaklama v. Leanza*, Civ. A. No. 03-3610, 2005 WL 1657027, 3 (D.N.J. July 13, 2005). In *Bishop v. Deputy*, a Delaware district court declined to award attorney's fees against *pro se* plaintiffs even though the court agreed with the defendant's contentions that the plaintiffs made "bald allegations without offering any evidentiary support" and that the case was

4

"entirely without merit," because the court found that § 1988(b) reflected a desire to ease the financial hardship on *pro se* civil rights litigants, "not to impose substantial financial risks on such litigants in the event of failure." *Bishop*, 2003 WL 22284037 at 3-4. In *Burris v. Davidson Transfer*, a Delaware district court also declined to assess attorney's fees against a plaintiff who continued with his case *pro se* after two attorneys withdrew because the plaintiff was acting in good faith on his own behalf. *Burris*, 537 F. Supp. at 1034. And, in *Zaklama v. Leanza*, when a New Jersey district court did award attorney's fees against a *pro se* plaintiff, it did so because the plaintiff was a "serial filer" whose "repeated abuse of the court system" included bringing a suit predicated on the same claims that had already been dismissed at summary judgment in a prior suit. *Zaklama*, 2005 WL 1657027 at 3.

The instant case resembles the first two cases far more than the latter one. Although Paschal did not ultimately prevail on his claims, there is no evidence presently before this Court that "the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley*, 461 U.S. at n.2. This Court did not dismiss Paschal's claims as frivolous, but rather dismissed his case after he repeatedly failed to plead any legally cognizable claims. To that end, Paschal "should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe*, 449 U.S. at 15. And, although Paschal has brought numerous suits in this District, this is his only claim against Billy Beru and it is not based on claims that had already been dismissed, unlike the plaintiff in *Zaklama*, 2005 WL 1657027. *See, e.g., Paschal v. Univ. of Pittsburgh Sch.Dental Med.*, Civ. A. No. 10-502 (W.D.Pa. 2010); *Paschal v. Crossgates Mgmt.*, Civ. A. No. 09-317 (W.D.Pa. 2009); *Paschal v. Nat'l City Corp.*, Civ. A. No. 04-1875 (W.D.Pa. 2004).

Accordingly, the Court declines to award attorney's fees to Billy Beru under 42 U.S.C. § 1988(b).

## V. Conclusion

Plaintiff's "Motion in Opposition to Defendants Motion Pursuant to Defendants Motion for the Assessment of Costs and Attorneys Fees Against Plaintiff" (Docket No. [67]) is DENIED, as moot.

Defendant's Amended Motion Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 54(d)(2) for Assessment of Costs and Attorney's Fees Against the Plaintiff (Docket No. [64]) is GRANTED, in part, and DENIED, in part, as follows:

- The portion of Defendant's motion seeking $163.00 for appellate costs is DENIED, as moot.

- The portion of Defendant's motion seeking reimbursement for transcript costs is GRANTED, to the extent that such costs are taxable in this District. Accordingly, costs are taxed this 17th day of June, 2010 in the amount of **$186.75** in favor of Defendant, Billy Beru, Inc., and against Plaintiff, Curtis Hyram Paschal, and are included in the judgment.

- Defendant's motion is DENIED in all other respects.

IT IS SO ORDERED this 17th day of June, 2010.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.